No. 3780.—SARAH WOOLFOLK et al. v. WIDOW EMILY WOOLFOLK.

The parish court is without jurisdiction *ratione materiæ* to entertain an injunction suit to annul a judgment of another court. It is also without jurisdiction to entertain such injunction suit where the amount involved is above five hundred dollars.

APPEAL from the Parish Court of Iberville. *Edward Moore*, Parish Judge. *Samuel Mathews* and *Race, Foster & E. T. Merrick*, for plaintiff in partition. *Fuqua & Callihan, J. A. Breaux* and *A. & E. B. Talbot*, for appellant.

TALIAFERRO, J. In this case a judgment was rendered decreeing a partition between Mrs. Emily Woolfolk and the heirs of Austin Wool-folk, deceased. The judgment directed the partition to be effected by a sale of the property to be partitioned, and an order of sale was ren-dered and the matters relating to the partition were referred to a notary. Pending the proceedings in partition certain parties alleging themselves to be judgment creditors of Mrs. Emily Woolfolk in large amounts applied to the parish court of Iberville for an injunction to stay the proceedings in partition, alleging that it was gotten up in fraud of their rights as creditors and for the purpose of defeating their pursuit of Mrs. Woolfolk's share and interest in the property which was at the time of the decree of partition, and had been long before ·under seizure by the sheriff and advertised for sale in virtue of execu-tions issued on their judgments. They prayed in their injunction suit that the judgment decreeing the partition be annulled, that the order of sale be rescinded, that in the event the judgment decreeing partition be maintained that their judicial mortgage be recognized and enforced as superior to any other mortgage on the property, that the plaintiffs in partition be decreed to have no mortgage on the property, that their injunction be maintained, and that they recover $500 damages.

On the part of. the plaintiffs in the partition suit a peremptory ex-·ception was taken to the injunction proceedings on the following grounds :

*First*—That the amounts in controversy are largely in excess of the jurisdiction; the plaintiffs in injunction founding their demand on a judgment and judicial mortgage for $13,790, exclusive of interest against Mrs. Emily Woolfolk, the defendants in injunction being also creditors of Mrs. Woolfolk for more than $39,000, which is denied by the plaintiffs, and the property to be partitioned being shown by the inventory to be in value exceeding $80,000.

*Second*—That the plaintiffs pray the court to annul its decree of partition of the property of the succession of Austin Woolfolk, while they are neither heirs nor creditors of that succession, but strangers to it, neither having nor alleging that they have any interest therein.

*Third*—By praying the court to annul a decree of partition, rendered in this case, the plaintiffs indirectly pray the court to annul a judgment of the Fifth Judicial District Court, rendered in the suit of the Heirs of Austin Woolfolk *v*. Widow Emily Woolfolk, which has been recognized by the parish court of Iberville in its decree of partition, this court having no jurisdiction to annul that judgment of the district court, either directly or indirectly.

On trial of these exceptions the parish court decided that it is without jurisdiction over the matters set up in the injunction suit, and dissolved the injunction, from which judgment the plaintiffs in injunction have brought this appeal.

The litigation between these various parties seems to be protracted and to have spread out into different channels. The creditors, the administrator of Mille and Edward Durrive, representatives of the former firm of Degelos, Durrive & Co., it appears, obtained judgments, one for about thirteen thousand dollars, the other for about five thousand dollars, as early as 1860, against Mrs. Woolfolk. A seizure of her property was made under execution issued on one of these judgments in July, 1869. Against this seizure Mrs. Woolfolk took out an injunction on the ground that the judgment under which execution issued against her had been novated, and this forms the subject of a separate suit now before this court on appeal.

In August, 1867, the heirs of Austin Woolfolk obtained a judgment in the District Court of Iberville against Mrs. Emily Woolfolk for $39,877, with legal mortgage on her property, to date and take effect from February, 1847. It is this judgment which the creditors, by the injunction suit now before us, are aiming indirectly to annul so far as it decrees legal mortgage against their alleged debtor Mrs. Woolfolk, which, if recognized still to exist, would antedate their own judicial mortgage. We think the parish court without jurisdiction over the matters involved in this injunction suit, and that the court *a qua* properly so decided.

It is therefore ordered that the judgment of the parish court be affirmed with costs.